IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| HOWARD LEE BARNES, § | | |
| a.k.a. Professor Ali-Hamza, § | | |
| § | | |
| Petitioner, § | | |
| § | | |
| v. § | 2:06-CV-0034 | |
| § | | |
| NATHANIEL QUARTERMAN, Director, § | | |
| Texas Department of Criminal Justice, § | | |
| Correctional Institutions Division, § | | |
| § | | |
| Respondent. § | | |

**REPORT AND RECOMMENDATION
TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Petitioner HOWARD LEE BARNES, a.k.a. Professor Ali-Hamza, has filed with this Court a Petition for a Writ of Habeas Corpus by a Person in State Custody challenging the result of a prison disciplinary proceeding. For the reasons set forth below, it is the opinion of the undersigned United States Magistrate Judge that petitioner's federal application for habeas corpus relief should be DENIED.

I.
PROCEDURAL HISTORY

On July 6, 1993, petitioner was convicted of the offense of burglary of a vehicle, repeat offender, in the 258th Judicial District Court of Jefferson County, Texas, and sentenced to twenty (20) years imprisonment in the Texas Department of Criminal Justice, Correctional Institutions Division. Further details of petitioner's holding conviction are not necessary for a resolution of the

instant case.

On or about November 28, 2005, petitioner was accused, in Disciplinary Case No. 20060089882, with the offense of threatening to inflict harm on a correctional officer. Specifically, petitioner was accused of telling the officer he would "kick [his] f***ing ass as soon as the door opens." On November 29, 2005, petitioner was notified in writing of the alleged offense and that a disciplinary hearing would be held on December 2, 2005. At the disciplinary hearing, a Hearing Officer found petitioner guilty of the charged offense based on the charging officer's report and testimony at the hearing. As punishment, the officer ordered that petitioner forfeit two-hundred (200) days of previously accrued good time credits. The officer explained his assessment of the punishment was based on the fact that it was petitioner's second major disciplinary offense in ninety (90) days, and that threatening staff would not be tolerated. The hearing lasted nine (9) minutes.

Following the guilty finding in the disciplinary proceeding, petitioner filed a Step 1 grievance arguing that after he and the charging officer had made "bad remarks toward one another," petitioner did not make the alleged threatening statement, rather, he told the officer, "Let me out of my cell so I can get on or into the fun also." On January 5, 2006, after a review of "all related investigative documentation," petitioner's grievance was denied with the findings that the case was presented to a fair and impartial hearing officer, that the evidence presented at the hearing was sufficient to support the charge presented, that the officer's report and version of events were believed, that the punishment was consistent with the guidelines, and that no procedural errors were noted. Petitioner also filed a Step 2 grievance wherein he argued the disciplinary charges against him were false, and asserted the new ground that the disciplinary hearing officer was not impartial and acted in retaliation against petitioner because petitioner had previously filed a complaint against him. Petitioner's Step 2 grievance was denied January 26, 2006 with the following findings:

> Major disciplinary case #20060089882 has been reviewed. The disciplinary charge was appropriate for the offense and the guilty verdict was supported by a preponderance of the evidence. There was nothing to indicate staff submitted false statements or reports. No investigation or Hearing Officer deficiencies were noted. All due process requirements were satisfied and the punishment assessed by the Disciplinary Hearing Officer was within agency guidelines.

On February 15, 2006, petitioner instigated the instant federal habeas corpus proceeding.

## II.
## GROUNDS

In his habeas application, petitioner asserts as his only ground, "Violation of my right to due process in a disciplinary action taken by prison officials." Petitioner does not set forth any supporting facts, rather, he refers the Court to his "supporting affidavit." In his affidavit, although not entirely clear, petitioner does not appear to allege that prison officials violated his procedural due process rights in the disciplinary proceeding. Instead, petitioner seems to allege the application, to him, of an unidentified amendment to the Prison Management Act, as well as his incarceration beyond the "1/4 law eligibility parole date," violates the Constitution's prohibition against ex post facto laws. Petitioner also argues the findings of the disciplinary hearing officer were based on "flawed analysis, and that there were no facts that would support the finding that [petitioner] made such a statement to harm [the] officer."

## III.
## MERITS

Federal habeas relief cannot be had "absent the allegation by a plaintiff that he or she has been deprived of some right secured to him or her by the United States Constitution or the laws of the United States." *Orellana v. Kyle*, 65 F.3d 29, 31 (5th Cir. 1995) (internal quotations and citation omitted). The Due Process Clause of the United States Constitution does not protect every change in

the conditions of confinement having a substantial adverse impact on the prisoner. *Sandin v. Conner*, 515 U.S. 472, 478 (1995).

In order to prevail, petitioner must show his due process rights were violated during the disciplinary process. The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions which are required. Those are: (1) advance written notice of the charges; (2) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action; and (3) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals. *Wolff*, 418 U.S. at 563-566. In addressing these type of cases, the Fifth Circuit has declared that the findings of the prison disciplinary hearing shall not be disturbed unless they are arbitrary and capricious. *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995). Further, so long as there is "any evidence at all" to support the disciplinary hearing officer's findings, the result of the hearing will be upheld. *Smith v. Rabalais,* 659 F.2d 539, 545 (5th Cir. 1981), *cert. denied,* 455 U.S. 992, 102 S.Ct. 1619, 71 L.Ed.2d 853 (1982).

Viewing the evidence in the light most favorable to the State, evidence at the hearing in the form of the officer's report and testimony apparently established that petitioner threatened the correctional officer. Petitioner does not allege respondent failed to provide him with notice of the charges, or that a hearing was not held in due course. Petitioner does not contend he was denied the opportunity to present evidence to support his defense. Instead, petitioner merely avers he made a statement that was different than the statement the charging officer understood petitioner to have

made. On habeas review, the existence of *any evidence* in support of the disciplinary adjudication requires this Court to uphold the disciplinary finding and punishment. The charging officer's report and the testimony at the disciplinary hearing, identified by the hearing officer in the disciplinary report, constitute "any evidence" and this Court must find against petitioner.

Further, to the extent petitioner claims ex post facto violations, petitioner has failed to adequately identify such alleged violations, relate the relevant facts surrounding any such purported violation, or present supporting argument demonstrating such a violation. Such complaints are conclusory. Petitioner's federal habeas corpus application should be denied.

## IV.
## RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States District Judge that the Petition for a Writ of Habeas Corpus by a Person in State Custody filed by petitioner HOWARD LEE BARNES, a.k.a. Professor Ali-Hamza be, in all things, DENIED.

## V.
## INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 19th day of April 2007.

_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).